IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN M. SCHWARTZ,

                                                    OPINION AND ORDER

                 Plaintiff,

                                                19-cv-964-bbc

        v.

REED A. RICHARDSON
AND JAMIE BARKER,

                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Pro se plaintiff John M. Schwartz is incarcerated at Stanley Correctional Institution. He has filed a civil action under 42 U.S.C. § 1983, contending that Reed Richardson, the warden of the prison, and Jamie Barker, the health services manager, violated his constitutional rights by failing to arrange a medical examination for him in conjunction with his claim for benefits from the Department of Veterans Affairs. Plaintiff's complaint is before the court for screening under 28 U.S.C. § 1915A, to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. Because plaintiff's complaint does not support a federal claim, I will dismiss his complaint.


OPINION

       Plaintiff alleges that he filed a claim for veteran's disability benefits that was denied, so he filed an appeal. Veterans Affairs informed him that he would need a medical examination to support his appeal. When plaintiff attempted to arrange an examination,

Warden Richardson told him that the Department of Corrections was not required to transport plaintiff to a Veterans Affairs facility for an examination at the state's expense, but that plaintiff could arrange for a Veterans Affairs physician to come to the prison to conduct the examination. Plaintiff wrote to Barker that Veterans Affairs would be contacting the prison about arranging an examination. However, Veterans Affairs later denied plaintiff's appeal, stating that the prison had not responded to its attempts to arrange a medical examination. Veterans Affairs also stated that plaintiff had failed to show that he had developed his disability during his military service. Plaintiff contends that defendants Richardson and Barker failed to follow Division of Adult Institutions Policy #500.30.03, which permits prisoners to arrange for on-site or off-site medical examinations with Veterans Affairs for the purpose of obtaining benefits.

Plaintiff's allegations do not support a federal claim. Plaintiff does not allege that he needed a medical examination to treat a serious medical need, and I am not aware of any constitutional principal that requires prison officials to arrange medical examinations for prisoners so that the prisoner may pursue an appeal to obtain federal benefits. Although plaintiff says that defendants violated DAI policies, a violation of internal state procedures is not itself a constitutional violation. Thompson v. City of Chicago, 472 F.3d 444, 454 (7th Cir. 2006) ("[Section] 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices." (quotations omitted)). Accordingly, I am dismissing this case for plaintiff's failure to state a federal claim upon which relief may be granted.

ORDER

IT IS ORDERED that plaintiff John M. Schwartz's complaint is DISMISSED for failure to state a federal claim upon which relief may be granted. A strike shall be recorded in accordance with 28 U.S.C. § 1915(g). The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 25th day of February, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge